IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| HEATHER BENNEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 17-2548-HLT-KGG |
| | ) | |
| MIDWEST HEALTH, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Quash Subpoenas and for Protective Order. (Doc. 51.) Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED** for the reasons set forth below.

## FACTUAL BACKGROUND

In the present action, Plaintiff contends she was formerly employed as Director of Nursing at the Lexington Park facility from December 2012 through September 2015. She alleges she injured her arm, shoulder, and back while assisting a resident of the facility at work in April 2015. This resulting in the filing of a worker's compensation claim. She contends that the terms and conditions of her employment worsened as a result, ultimately leading to the termination of her employment.

In her federal court Complaint, Plaintiff generally alleges she was subject to disparate treatment, hostile work environment, denial of a reasonable accommodation for her disability, and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq*. (*See* Doc. 1.) She also alleges workers' compensation retaliatory discharge. (*Id*.) Plaintiff contends that each of the Defendants[1] was her employer and that all engaged in the unlawful discrimination and retaliation. Defendants generally deny Plaintiff's allegations.

Plaintiff files the present motion (Doc. 51) requesting the Court enter an Order quashing a third-party subpoena to Plaintiff's current employer and health care providers (Doc. 50). While Defendant argues that Plaintiff failed to confer prior to filing the present motion, Plaintiff argues that Defendants failed to provide proper notice of the third-party subpoenas prior to serving them.

## **ANALYSIS**

**A.   Legal Standards.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[1] Defendants are Lexington Park Nursing Operations, LLC (hereinafter "Lexington" or "Lexington Park"), Midwest Health, Inc. (hereinafter "Midwest"), and Midwest Health Management, Inc. (hereinafter "Management").

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.

Discovery relevance is broadly construed. ***AKH Co., Inc. v. Universal Underwriters Ins. Co.***, 13-2003-JAR-KGG, 2015 WL 4523578, at *2 (D. Kan. July 27, 2015). As such, "discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Id*. "Federal Rule of Civil Procedure 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." ***Layne Christensen Co. v. Purolite Co.***, 271 F.R.D. 240, 244 (D. Kan. 2010) (quoting ***Seattle Times Co. v. Rhinehart***, 467 U.S. 20, 36 (1984)).

Fed.R.Civ.P. 45 governs subpoenas, with section (d) of that Rule relating to "protecting a person subject to a subpoena" as well as "enforcement." Subsection (d)(1) of the Rule states that

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings

and reasonable attorney's fees – on a party or attorney who fails to comply.

Subsection (d)(2)(B) relates to objections to subpoenas and states that

> [a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Subsection (d)(3)(A) requires the District Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (ii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed.R.Civ.P. 26(c), however, allows a court to enter a protective order regarding a subpoena to protect a party from annoyance,

4

embarrassment or oppression.  *Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 WL 1558210, at *6 (D. Kan. July 11, 2002).

**B.     Failure to Confer.**

Pursuant to D. Kan. Rule 37.2, a court "**will not entertain** any motion to resolve a discovery dispute ... unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."  (Emphasis added.)  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."  *Id*.  The parties "must make genuine efforts to resolve the dispute by determining precisely what the requesting party is…seeking; what responsive documents or information the discovery party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."  ***Cotracom Commodity Trading Co. v. Seaboard Corporations***, 189 F.R.D. 456, 459 (D.Kan.1999).

Defendants argue that Plaintiff did not comply with Rule 37.2.  Defendants state that

> there was no conference between the parties; the Plaintiff only emailed Defendants' counsel a 17 hour notice that if no conference took place, this Motion would be filed. Furthermore, even after Plaintiff's counsel received the

5

> auto-reply that Defendants' counsel was out of the office, no further effort was made to contact defense counsel or his assistant. Instead, Plaintiff's Motion was filed the following day and Plaintiff excuses this filing without further efforts to comply with D. Kan. Rule 37.2 by stating that it is 'imagined Defendants would experience a similar sense of urgency if Plaintiff issued subpoenas to Defendants' sources of income (i.e., their patients) and sought every document related to their experience with Defendants.'

(Doc. 56, at 2-3.) Plaintiff replies that

> Plaintiff followed the instructions in Defendants' counsel's out of office email regarding needing immediate assistance; Defendants' counsel's assistants were emailed and were thus aware of the urgency of the matter. (See Doc. 51-2). In their Response to Plaintiff's Motion, Defendants do not explain why Defendants' counsel, nor any of the over fifteen attorneys or over ten staff members at their office, did not respond to Plaintiff's counsel's email. The only argument provided made by Defendants' Response to Plaintiff's Motion is that Plaintiff did not comply with the Local Rule because her counsel sent an email and there was no additional conversation. However, Defendants fail to admit that Plaintiff's counsel was unable to speak to Defendants' counsel only because Defendants' counsel did not respond to her request to communicate.

(Doc. 57, at 2.)

The parties' briefing is uncontroverted that Plaintiff sent an email to defense counsel and received an automated out-of-office reply. As stated above, in reply to Defendant's motion, Plaintiff points out that that defense counsel's assistants were also emailed. It is true that these individuals were copied on the original email to

6

defense counsel. (Doc. 51-2.) Plaintiff's counsel did not, however, email or attempt to contact them in any way *after* receiving defense counsel's out-of-office reply which specifically instructed Plaintiff that "[s]hould a situation arise in which you require immediate assistance, please contact my legal assistant… ." (Doc. 51-3.)

It is well-settled that an exchange of letters does not typically constitute compliance with D. Kan. Rule 37.2. ***Stephenson v. Young***, No. 10-2197-KHV-KGG, 2010 WL 4961709, at *2 (D. Kan. Nov. 29, 2010). "The rule contemplates a conference, either face-to-face or by telephone (not via electronic message) in which the parties, in good faith, discuss and attempt to resolve the dispute." *Id*.

By receiving and basically disregarding an out-of-office reply to his initial email, Plaintiff's counsel failed to comply with D. Kan. Rule 37.2. That stated, "[d]espite the unqualified language of the federal and local rules, the Court, in its discretion, may choose to determine a motion to compel on its merits even when the duty to confer has not been fulfilled under certain circumstances." ***Stephenson***, 2010 WL 4961709, at *2 (citation omitted). The Court will exercise this discretion and review Plaintiff's motion on its merits because Defendant gave inadequate prior notice of the subpoenas (*see infra*), which contributed to the inadequate compliance with D. Kan. Rule 37.2.

**C.     Violation of Rule 45.**

Plaintiff argues that the subpoenas violate Fed.R.Civ.P. 45 "because 1) proper notice may not have been given, and 2) the subpoenas seek information that is irrelevant to this cause of action or cumulative of information already produced to Defendants." (Doc. 51, at 6-7.) Because the Court's analysis is resolved on the issue of notice, the Court need not address whether the information sought by the subpoenas is irrelevant or cumulative.

Fed.R.Civ.P. 45(a)(4) states "[i]f the subpoena commands the production of documents ... then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." "The requirement that notice be provided to the parties before service of the subpoena allows opposing counsel time to object to the subpoena." ***Butler v. Biocore Medical Technologies, Inc.***, 348 F.3d 1163 (10th Cir.2003); ***Allender v. Raytheon Aircraft Company***, 220 F.R.D. 661 (D.Kan.2004). "Ordinarily, the issue of timely notice is resolved by a relatively straightforward analysis of two simple factual questions: (1) when was notice provided to counsel for the opposing party and (2) when was the subpoena served on the non-party?" ***Walker v. Board of Cty. Comm'rs***, No. 09-1316-MLB, 2011 WL 2118638, at *6 (D. Kan. May 27, 2011).

In the matter before the Court, these inquiries are complicated by the manner in which Defendant provided notice of the subpoena and service thereof. Plaintiff contends

> Defendants stated in their Notice that 'a business records subpoena has been issued on the 4th day of October, 2018.' (Doc. 50, p. 1). Thus, it is undisputed the subpoenas were issued the same day as the Notice. The Notice is silent as to whether service had been attempted or obtained. (*See id.*). Thus, Plaintiff does not and cannot know whether the subpoena were [sic] served on or before the day of the Notice.

(Doc. 51, at 7.) Plaintiff's counsel contends that he "attempted to learn whether the subpoenas had been served; however, no one from Defendants' counsel's offices responded to the inquiry." (*Id.*)

Defendants argue that they complied with Rule 45 because Plaintiff received notice before the subpoenas were served. According to Defendants, Plaintiff

> admits she received notice of the issuance of the subpoenas 'via CM/ECF at approximately 1:25 p.m. on October 4, 2018.' … However, the subpoenas were served 'by return receipt delivery, which is effected by certified mail,' pursuant to K.S.A. 60-303(c). This method of service is authorized by Fed.R.Civ.P. 4(e), which allows service by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located… .'
>     Each of the subpoenas in this case were mailed in a sealed envelope by certified mail on October 4, 2018. Under K.S.A 60-303(c)(3), service 'is obtained . . . upon the <u>delivery</u> of the sealed envelope. Emphasis added. The sealed envelopes were all delivered on or after 9:21 a.m. on October 5, 2018, and the Plaintiff was notified of the issuance of the subpoenas on October 4, 2018. Therefore, the Defendants properly complied with Fed. R. Civ. P. 45, and the subpoenas should not be quashed.

(Doc. 56, at 3-4.)

Plaintiff correctly points out that Defendants' reliance on Fed.R.Civ.P. 4(e) is misplaced. Rule 4 relates to service of summons while Fed.R.Civ.P. 45(b) relates to subpoenas. Plaintiff continues that "[t]he reason certified mail [which is allowed for service of a summons] is an improper form of service of a subpoena appears to directly relate to the underlying reasons for requiring notice of a subpoena to all parties before service." (Doc. 57, at 4.) According to the 2013 Advisory Committee notes to Rule 45(a)(4),

> The Committee has been informed that parties serving subpoenas frequently fail to give the required notice to other parties. The amendment moves the notice requirement to a new position in Rule 45(a) and requires that the notice include a copy of the subpoena. The amendments are intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials.

As Plaintiff correctly argues,

> [i]f a subpoena is to be served via personal service, the party issuing the subpoena may direct the process server to hold service at any time. Thus, if notice of the subpoena is provided to an opposing party before service of the subpoena, and the opposing party files for a protective order or raises objections to the subpoena, the issuing party has the ability to halt service of the subpoena. However, if a subpoena is to be 'served' via certified mail, once it is placed in the mailbox, it cannot be stopped.

(Doc. 57, at 4.)

Defendants did not comply with Fed.R.Civ.P. 45.  The manner in which Defendants chose to provide notice and serve the subpoenas at issue clearly deprived Plaintiff the opportunity to object to the subpoena "prior to the ultimate delivery of the subpoenas on [her] current employer and medical provider."  (Doc. 57, at 5.)  ***Butler v. Biocore Medical Technologies, Inc.***, 348 F.3d 1163 (10th Cir.2003) (holding that "[t]he requirement that notice be provided to the parties before service of the subpoena allows opposing counsel time to object to the subpoena.").

The Court finds that Defendants' actions were harassing in nature.  As Plaintiff contends,

> [i]f Defendants truly needed the information sought by the subpoenas in order to litigate the underlying case, they could have first contacted the Plaintiff to request the information from her directly, as they had already sought the information through discovery and it was provided.  Instead, Defendants appear to have already obtained what they sought to accomplish through the subpoenas, to notify Plaintiff's current employers of the instant lawsuit without providing Plaintiff any ability to prohibit the subpoenas from being presented to her employers.

(*Id*., at 6.)  Further, the employment and medical information requested is overbroad and not tailored to the issues in this case.  Defendants' argument that the subpoenas are needed to obtain "authenticated" evidence for trial ignores the likelihood that Plaintiff would concede the authentication of duplicate documents already produced.  As such, the Court **GRANTS** Plaintiff's motion to quash

11

pursuant to Fed.R.Civ.P. 26(c). The Court quashes Defendants' subpoenas and enters a protective order prohibiting the disclosure of documents pursuant to the subpoenas.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoenas and for Protective Order (Doc. 51) is **GRANTED**. Defendants' subpoenas are hereby quashed and disclosure of documents pursuant to the subpoenas is prohibited.

IT IS SO ORDERED.

Dated this 20th day of November, 2018, at Wichita, Kansas.

                                  s/ KENNETH G. GALE
                                  HON. KENNETH G. GALE
                                  U.S. MAGISTRATE JUDGE